

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00131-CV

---

JARED MOTYL, Appellant

V.

DISCOVER BANK, NOW MERGED INTO AND SUCCEEDED BY
CAPITAL ONE, N.A., Appellee

---

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CC2500406

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

In 2021, in trial court cause number CC2100059 (original suit), Discover Bank, Capital One, N.A.'s predecessor,[1] filed a breach of contract suit against Jared Motyl regarding credit card debt. Motyl appeared in that suit and moved for arbitration. The parties agree that arbitration was not ordered. In 2023, the trial court granted summary judgment against Motyl.

In 2025, in trial court cause number CC2500406 (second suit), Motyl filed a pro se petition for a bill of review asking the trial court to set aside the summary judgment in the original suit. Motyl's petition alleged that he did not receive sufficient notice of the summary judgment hearing. The trial court denied Motyl's petition. From that denial, Motyl now appeals.

On appeal, Motyl argues that the trial court abused its discretion by denying his petition for a bill of review. We affirm the trial court's denial of Motyl's petition for a bill of review.

## I.      Applicable Facts

We were not provided the record of the original suit. However, Motyl attached as an exhibit to a pleading in his second suit, a filemarked (though unsworn) copy of his motion for arbitration in the original suit. Likewise, Discover responded and attached unsworn and unfilemarked copies of its motion for summary judgment and notice of hearing thereon in the original suit.

Motyl attached a proposed final order to his petition for a bill of review. On October 9, 2025, the trial court set the petition for hearing on December 4, 2025. On October 10, 2025, Motyl asked that his petition be submitted on the filings and decided prior to the hearing date. In

---

[1]Discover merged into and was succeeded by Capital One. We will refer to appellee as Discover.

that request, Motyl stated that the petition was "ripe for ruling." Thereafter the record before us contains no request for continuance of the hearing.[2]

At the December 4, 2025, hearing on the petition, Motyl did not contest that he had appeared in the original suit, nor did he contest that the 2023 summary judgment motion and notice of hearing had certificates of service. Instead, Motyl argued that his petition should be granted because those certificates of service were not supported by green cards or other proof of service:

> I had initial knowledge of the previous lawsuit, CC2100059, but I did not receive service of any subsequent filings, hearings, or post-judgment actions. In that case, [Discover's] certificates of service contain no tracking numbers and no proof of delivery. I never received or signed any certified mail.

That, though, was argument, not testimony under oath.

Discover, via unsworn argument of counsel, urged that notice had been mailed as stated in the certificate of service. The certificate of service on the notice of the April 13, 2023, hearing on the motion for summary judgment, as it appears in our record (unsworn and unfilemarked), states that it was mailed to Motyl, via first-class mail, on March 8, 2023. The address on that certificate of service is the same address for Motyl as appears on Motyl's 2020 credit card statements and Motyl's 2025 petition for bill of review.[3]

Discover asked the trial court to take judicial notice of its own file in the original suit. In particular, Discover asked the trial court to take judicial notice that the clerk of the court had sent

---

[2]The record does indicate that in October 2025, Discover sought and obtained appointment of a post-judgment receiver to collect on the judgment in the original suit, but in November, the trial court withdrew that appointment, and for that reason denied Motyl's motion to stay collection action by the receiver in the second suit.

[3]Motyl filed a notice of change of address after filing his petition for bill of review.

3

notice of the 2023 summary judgment ruling to Motyl. The trial court did not expressly take judicial notice of its own file but did volunteer the original suit's cause number ("CC2[1] . . . 00059").

Following that request by Discover, the trial court denied Motyl's petition for bill of review.

## II. Applicable Law and Standard of Review

"A bill of review is a direct attack on a judgment." *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (per curiam). "Because it is a direct attack, a bill of review must be filed in the court that rendered the original judgment, and only that court may exercise jurisdiction over the bill." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015).

> Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part.

*Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). Lack of service *or notice*, however, changes things: "Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam). Lack of notice, *if proven*, alters the bill of review analysis: "Mabon *proved* that (1) it had no notice of the trial setting or the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not because of its own fault or negligence," and therefore,

4

the first two traditional bill-of-review requirements—that Mabon show proof of a meritorious defense to the underlying cause of action, which it was prevented from making by fraud, accident, or wrongful act of the opposing party or by official mistake—[were] rendered unnecessary, and the final traditional requirement—lack of negligence—[was] conclusively established.

*Id.* (emphasis added); *see WWLC Inv., L.P.*, 624 S.W.3d at 799.

"Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments." *Mabon Ltd.*, 369 S.W.3d at 812; *see Valdez*, 465 S.W.3d at 230 ("Bills of review are intrinsically incongruous with finality, and thus, are not lightly granted.").[4]

We review a trial court's ruling on a bill of review under an abuse of discretion standard which recognizes that the trial court is the fact-finder. *Gard v. Douglas Ray Stracener Est.*, 631 S.W.3d 728, 732 (Tex. App.—Texarkana 2021, no pet.).

## III. Analysis

Motyl did not object to the unsworn copies of the certificates of service from the original suit filed into the record in the second suit, but instead urged that they contained, in his view, fatal defects because they did not indicate service via *certified* mail, and they lacked tracking numbers or other proof of service. This argument, made in the trial court and on appeal, missed the mark.[5]

---

[4]However, "[t]he growing hostility toward default judgments unsurprisingly has yielded consistent—usually unanimous—dispositions in this Court: we have not affirmed a default judgment in more than two decades." *Huffman Asset Mgmt., LLC v. Colter*, No. 24-0205, 2026 WL 1500963, at *6 (Tex. May 29, 2026) (Huddle, J., concurring). In the bill of review context, however, there is the initial question of whether there is proof that the judgment in question was actually a default judgment. *See id.* at *6 n.5 (citing *Mabon Ltd.*, 369 S.W.3d at 813).

[5]By virtue of a rule change effective January 1, 2014, service by certified mail was no longer required; service by regular mail was permissible. TEX. R. CIV. P. 21a(a)(2) ("A document not filed electronically may be served in

5

More significantly, the argument misapprehends the evidentiary burden in a bill of review. Motyl bore the burden to prove that he was not served with notice of the summary judgment hearing or the resulting judgment. *See Mabon Ltd.*, 369 S.W.3d at 813, *WWLC Inv., L.P.*, 624 S.W.3d at 800 ("WWLC met its burden to prove lack of proper service . . . ."). Motyl put on no evidence on that point. He argued it. But he neither verified it by affidavit, nor testified to lack of notice under oath at the hearing.

Accordingly, we find no abuse of discretion by the trial court.

## IV.    Conclusion

We affirm the trial court's denial of Motyl's petition for a bill of review.


Jeff Rambin
Justice


Date Submitted:     June 29, 2026
Date Decided:       July 2, 2026

---

person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct."); TEX. R. CIV. P. 21a(e) ("A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail . . . ."); *Lewis v. Housing Auth. of Austin*, No. 03-15-00800-CV, 2016 WL 7187481, at *3 (Tex. App.—Austin Dec. 7, 2016, no pet.) (mem. op.) (collecting cases); *Hooten v. Yeager*, 654 S.W.3d 185, 193 (Tex. App.—Texarkana 2022, no pet.).